Filed 10/8/14  P. v. Thomas CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DARRYL DEAN THOMAS,<br><br>        Defendant and Appellant. | A141405<br><br>(San Mateo County<br>Super. Ct. No. SC079114A) |

## I.  INTRODUCTION

Appellant Darryl Dean Thomas appeals from the judgment and sentence following his plea of no contest to a charge of bringing a controlled substance into jail.  His court-appointed attorney has filed a brief raising no legal issues and asking this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Appellant was informed of his right to file a supplemental brief, which he has not done.  As the appeal is based solely on grounds occurring after entry of the plea, and does not challenge the validity of the plea, it is authorized by California Rules of Court, rule 8.304(b)(4)(B).

## II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

In September 2013, appellant was stopped by an East Palo Alto police officer who recognized him from prior contacts.  The officer conducted a records check and arrested him on an outstanding misdemeanor warrant.  When booked into the San Mateo County

---

[1] Our recitation of the facts is taken from the transcript of the preliminary hearing and the probation report.

Jail, appellant was strip searched and found to be in possession of a crack pipe and 0.32 grams of heroin, a usable amount. At the time of his arrest in this matter, appellant was 51 years old and had used cocaine "for approximately the past 30 years."

By information filed on October 2, 2013, the San Mateo County District Attorney charged appellant with bringing a controlled substance (heroin) into the San Mateo County Jail in violation of Penal Code section 4573, a felony (count 1); simple possession of a controlled substance (heroin) in violation of Health and Safety Code section 11350, subdivision (a), a felony (count 2); and possession of paraphernalia in violation of Health and Safety Code section 11364.1, a misdemeanor (count 3). As to counts 1 and 2, the information also alleged 11 prior felonies within the meaning of Penal Code section 1203, subdivision (e)(4); two prior strikes within the meaning of Penal Code section 1170.12, subdivision (c)(1); seven prior prison terms within the meaning of Penal Code section 667.5, subdivision (b); and eight prior felony drug convictions within the meaning of Health and Safety Code section 11370, subdivision (a).

On January 6, 2014, appellant pleaded no contest to the charge of bringing heroin into the jail and admitted the following enhancements: (1) the Penal Code section 1203, subdivision (e)(4), allegation; (2) one prior strike; and (3) seven prior prison terms. The remaining charges and allegations were dismissed.[2] The plea was in exchange for a six-year maximum sentence, referral to probation for a probation report, and the ability to file a motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) to strike the strike.[3] Appellant chose the court's offer of the six year top with a referral to

---

[2] Based on statements by appellant's counsel at the sentencing hearing, with which the prosecutor did not disagree, the other charged strike offense appears not to have been committed by appellant.

[3] At the outset of the hearing concerning the change of plea, the trial court stated, "This contemplates a resolution of all three cases. The lead one being SC 79114, and then the felony probation violation on SC 78576, and a misdemeanor SM 387214. [¶] Addressing the first case SC 79114 that contemplates a six-year top with a referral to probation for a probation report, and the ability to file a *Romero* motion to strike the strike."

2

probation and the option for a *Romero* motion over the People's offer of a stipulated four-year term and waiver of the probation report.

Appellant's counsel filed a *Romero* motion arguing that the strike, a 1985 conviction for residential burglary (Pen. Code, §§ 459/460, subd. (a)), should be dismissed in the interests of justice because the present offense was neither violent nor serious, and his record since the strike was that of a drug addict rather than a hardened criminal. Appellant addressed the court to the same effect.

The court acknowledged that the strike was remote in time, but denied the motion based on appellant's lengthy criminal record. The court sentenced appellant to a total of six years in prison as follows: the low term of two years for the violation of Penal Code section 4573, doubled because of the strike, plus one year for each of two prior prison terms, with the sentence stayed on the other five prison priors.

The court awarded a total of 300 days of presentence credit, comprised of 150 actual days plus 150 days conduct credit under Penal Code section 4019. The court imposed a $300 restitution fine (Pen. Code, § 1202.4), stayed imposition of a $300 parole revocation fine (Pen. Code, § 1202.45) pending successful completion of post release supervision, imposed a $30 criminal conviction assessment and a $40 court operations assessment, and ordered appellant to register as a drug offender and to undergo genetic marker testing.

On March 25, 2014, appellant filed a timely notice of appeal. Appellant requested a certificate of probable cause to contest the trial court's refusal to strike his strike; the request was denied.[4]

### III. DISCUSSION

Where, as here, an appellant has pled not guilty or no contest to an offense, the scope of reviewable issues is restricted to matters based on constitutional, jurisdictional,

---

[4] We note that appellant did not need a certificate of probable cause to appeal based on the denial of a *Romero* motion to strike a strike or other "[g]rounds that arose after entry of the plea and do not affect the plea's validity." (Cal. Rules of Court, rule 8.304(b)(4)(B).)

or other grounds going to the legality of the proceedings leading to the plea; guilt or innocence are not included. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896.)

Nothing in the record indicates appellant was mentally incompetent to stand trial or to understand the admonitions he received from the court prior to entering his plea, and to thereupon enter a knowing and voluntary plea.

The admonitions given appellant at the time he entered his plea fully conformed with the requirements of *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122, and his waiver was knowing and voluntary.

There was a factual basis for the plea.

The court did not abuse its discretion in denying the *Romero* motion. The court expressly did not consider the second alleged strike allegation that was dismissed.

Appellant was at all times represented by competent counsel who protected his rights and interests.

The sentence imposed is authorized by law.

We have reviewed the entire record and find no arguable issues which warrant further briefing.

## IV.  DISPOSITION

The judgment, including the sentence imposed, is affirmed.

_____
Kline, P.J.

We concur:


_____
Richman, J.


_____
Stewart, J.